MORSE, Appellant, *vs.* MADDOX, Respondent.

1. Judgment reversed because the court instructed the jury that there was no evidence on a given point, when the record showed otherwise.

*Appeal from Jefferson Circuit Court.*

*C. Jones,* for appellant.
*M. Frissell,* for respondent.

RYLAND, Judge, delivered the opinion of the court.

This case was before this court at the March term, 1853 ; was then reversed and remanded, (17 Mo. Rep. 569.) and now comes here by reason of an instruction given by the court, which caused the plaintiff to take a nonsuit. This instruction informed the jury that the plaintiff had given *no evidence* showing that Maddox had done any act to obstruct or hinder Morse from the use of the water for driving or turning a wheel to drive the saddle-tree manufactory, and the jury will find for the defendant.

1. This manner of instructing is objectionable, and it is always erroneous, if there be *any evidence* on the given point. It has been sanctioned, where there was no evidence, but even there, the court had better hypothetically instruct. In looking into the record in this case, we are satisfied that the instruction is not warranted by the state of the evidence before the jury, and it was error for the court to have given it. It was in evidence that there was, at all times, plenty of water in Big river to drive Maddox' grist-mill and Morse's saddle-tree factory ; that the head gate that let the water through the flume or forebay, on to Morse's saddle-tree factory, was shut down in July, 1850 ; that it excluded the water from said factory and threw it on the grist-mill. Maddox had been heard to say, previously to shutting down the gate, that he intended to drive Morse away from the mill. This gate was shut down by the

agent of Maddox, and was known to Maddox. The defendant's attorney contends that, as the gate could be easily raised, if it had been shut down by Maddox, that the shutting down did not obstruct the plaintiff in getting the water from the mill. I cannot see how this is to vary the state of the evidence before the jury. Was there any evidence as to the matter on which the instruction was given? If so, no matter how inconclusive or unsatisfactory, the court had no right to say that there was none. This manner of instructing is the source of frequent complaint in this court, and it can always be avoided by the courts below giving the instructions hypothetically. For giving the instruction, in this case, the judgment will be reversed, and the cause remanded, the other judges concurring.